IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALLEN PINNELL,                     3:06-cv-00828-BR

    Petitioner,                         ORDER

v.

BRIAN BELLEQUE, Warden,

    Respondent.


BROWN, Judge.

    This matter comes before the Court on Petitioner's Brief [303] Identifying Procedurally Defaulted Claims Impacted By *Martinez*[1] and *Maples*[2] wherein he seeks, over Respondent's objection, (1) six months "for a complete review of the record to investigate ineffectiveness and abandonment and to develop evidence of prejudice to overcome procedural default of these claims", (2) an additional three months to conduct discovery and

---

    [1] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

    [2] *Maples v. Thomas*, 132 S. Ct. 912 (2012).

1 - ORDER

retain experts, and (3) an additional 60 days to file a final brief on *Martinez/Maples* issues.

## BACKGROUND

As the parties are well aware, the Court has been endeavoring to resolve the question whether Petitioner can satisfy any exception to procedural default as to any of the previously identified, procedurally defaulted claims set forth in his Amended Petition. Relevant events pertaining to this effort include the following:

| | |
|---|---|
| November 4, 2009 | Court issued an Order [186] resolving all procedural default questions and exceptions except for the second penalty phase voir-dire transcription issue. |
| November 17, 2009 | Parties filed a Joint Report/Scheduling [187]. Petitioner sought leave to file a Motion for Summary Adjudication on the dispositive issue as to whether comment made by the second penalty-phase judge's secretary to the deliberating jury violated Petitioner's right to a fair and impartial jury (Claim Seventeen). |
| June 2, 2010 | Following briefing and oral argument, the Court denied relief on Petitioner's Motion [217] for Summary Adjudication of Claim Seventeen. |
| June 15, 2010-December 15, 2010 | Briefing on voir-dire transcription issue continued. In approximately November 2010 Respondent located and had transcribed three days of the second penalty phase voir-dire proceedings, but Respondent advised it was unable to locate the remaining four days. |

| | |
|---|---|
| January 2011 | Potential conflict bearing on the Oregon Federal Public Defender's ability to continue to represent Petitioner was brought to the Court's attention. |
| September 15, 2011 | Conflict established, Teresa Hampton of the Idaho Capital Habeas Unit was appointed [249] to represent Petitioner going forward in this case. |
| October 3, 2011-<br>February 24, 2012 | Briefing on voir-dire transcription issue was continued. The Court permitted Petitioner to issue subpoenas, to obtain records, and to conduct depositions in support of his contention that he requested from the Oregon courts and his counsel transcripts of the penalty-phase retrial voir dire proceedings (relevant to the "cause" argument to overcome procedural default). |
| January 18, 2012 | *Maples* issues. |
| March 20, 2012 | *Martinez* issues. |
| March 22, 2012 | Parties filed a Joint Motion [283] for Supplemental Briefing on voir-dire issue in light of *Martinez*. |
| April 9, 2012 | Ms. Hampton experienced medical issues necessitating extensions of time in the briefing schedule. |
| August 22, 2012;<br>August 24, 2012 | Briefing on voir-dire transcription issue (as to cause argument) completed [298]. Petitioner moved the Court for a briefing schedule allowing him to identify other procedurally defaulted claims impacted by *Martinez* and *Maples* [300]. |
| November 26, 2012 | Petitioner filed the aforementioned Brief [303] Identifying Procedurally Defaulted Claims Impacted By *Martinez* and *Maples* seeking nearly eleven months to fully brief these issues. |

## STANDARDS

District courts have inherent authority to manage their caseloads in a prompt and efficient manner. This Court always endeavors to ensure each habeas petitioner is afforded an opportunity to fully present his arguments. These efforts, if anything, will be even more vigilant here in view of the complexities involved in federal capital habeas litigation.

## COURT'S PRELIMINARY ASSESSMENT

### I. *Martinez* - Inapplicable to Excuse Default of Ineffective Assistance of Direct Appellate Counsel Claims

Petitioner contends pursuant to *Martinez* that ineffective assistance of post-conviction trial counsel should serve as cause to excuse the default of his ineffective assistance of direct appellate counsel claims. Prelim. Br. [303] at 8-9. Petitioner's contention is incorrect. The Supreme Court in *Martinez* held ineffective assistance of post-conviction counsel in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance of trial counsel may establish cause for the petitioner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court in *Martinez* stressed, however, its holding was a "narrow exception" to the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991), that "an attorney's ignorance or inadvertence in a postconviction

4 - ORDER

proceeding does not qualify as cause to excuse a procedural default." *Martinez*, 132 S. Ct. at 1315. The Court also specifically limited the exception to claims on ineffective assistance of **trial** counsel. See *id*. at 1320. Thus, Petitioner's alleged ineffective assistance of post-conviction trial counsel cannot serve as cause to excuse the default of his claims of ineffective assistance of direct appellate counsel.

## II. *Maples* - Inapplicable

Petitioner attributes his failure to raise numerous claims on appeal from the post-conviction judgment to his post-conviction appellate counsel Eric Cumfer's abandonment of him, and Petitioner argues he can overcome his default of these claims under *Maples*. The Court disagrees. *Maples* involved abandonment by both of his attorneys of record rather than deficient performance on the part of only one of his attorneys. In *Maples* a petitioner's state collateral appeal was prepared by two out-of-state attorneys who, while the case was pending, left their firm without notifying petitioner or the state court. *Id*. at 918-19. As a result, petitioner never received notice of the denial of his appeal nor was he aware that the time for appeal had been triggered. See *id*. at 919-20. The petitioner subsequently failed to file a timely appeal and later, during federal habeas review, the district court determined the claims presented in his collateral appeal were procedurally defaulted.

5 - ORDER

*Id.* at 921-22. The Supreme Court determined the petitioner had shown "cause . . . to excuse the procedural default into which [he] was trapped when counsel of record abandoned him without a word of warning of his federal habeas claims." *Id.* at 221.

Here, in contrast, while Cumfer's representation was admittedly deficient, *see* Declaration of Eric Cumfer [294], petitioner was also represented by co-counsel Kathleen Correll. Petitioner's assertion that her involvement in the case and familiarity with the record on appeal was limited does not equate with abandonment of Petitioner as contemplated by *Maples*.[3] Unlike the attorneys in *Maples*, at no time did both of Petitioner's attorneys stop representing him, and Petitioner was not deprived of an opportunity to present his claims on post-conviction appeal. Instead it appears one of Petitioner's counsel rendered negligent, deficient performance. Such negligence, however, falls short of a claim of abandonment. *See Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012). Petitioner was not left without an attorney nor subjected to such a serious breach of duty of loyalty by both of his attorneys that it

---

[3] In addition, in light of the fact that Cumfer filed a 150-page appellate brief in the Oregon Court of Appeals with Correll's assistance and argued the case on appeal, the Court is not persuaded despite Cumfer's admitted deficient representation that Cumfer abandoned Petitioner to a degree that the default of the claims counsel failed to raise on appeal should be excused under *Maples*.

6 - ORDER

severed the attorney-client agency relationship. *Id.* at 942-43. Thus, Petitioner is bound by his counsel's omissions and cannot rely on those omissions to obtain relief. While far from optimal, Petitioner's situation "is a long way from the 'veritable perfect storm of misfortune,' 132 S. Ct. at 929 (Alito, J., concurring), that befell the petitioner in *Maples*, who missed the filing deadline for a notice of appeal because he was left without **any** functioning attorney of record and had no reason to suspect that he had been reduced to *pro se* status." *Dansby v. Norris*, 682 F.3d 711, 728 (8th Cir. 2012)(emphasis added).

### III. <u>Second Penalty Phase Voir-Dire Transcription Issue</u>

As noted, briefing on the missing voir-dire transcript as it relates to the cause argument to overcome procedural default is complete. Petitioner incorporates that briefing into his preliminary *Martinez/Maples* brief [303] at 2.

On the issue of cause, Petitioner has shown he repeatedly sought to obtain a copy of the subject transcript both through his appointed attorneys and the Oregon Supreme Court. Moreover, Petitioner's post-conviction trial counsel, Ralph Smith, made significant efforts to obtain the transcript. Smith sought leave from the Oregon Supreme Court to have the transcript transcribed and was successful in convincing the Oregon Supreme Court that Petitioner had good cause for the transcription in accordance

7 - ORDER

with the governing statute. Even after surmounting that hurdle, however, Smith encountered difficulty obtaining the transcript and once again sought the Oregon Supreme Court's assistance. Despite those efforts, Smith never obtained a copy of the transcript.

It cannot be known on the current record precisely how or why, the transcript was not produced despite significant efforts. It is, however, fairly apparent that the barriers to obtaining the transcript under Oregon's system at the time[4] contributed to that outcome. Assuming without deciding at this juncture that Petitioner can demonstrate cause for the procedural default of his voir-dire claims, the Court will include the prejudice issue in its resolution of the remaining exception to procedural

---

[4]

At the time of Petitioner's second penalty-phase proceeding, Oregon law excluded voir dire from automatic transcription in capital cases:

> [I]f either the state or the defendant desires that the report of jury selection proceedings be transcribed, that party must apply to the Supreme Court for an appropriate order, **which will be made only upon a showing of good cause for preparation of that transcript.**

Or. R. App. P. 12.10(5)(emphasis added). This rule has since been amended to provide automatic transcription of trial proceedings in death-penalty cases to include "all pretrial hearings and selection of the jury." Or. R. App. P. 12.10(5)(a). Citing the 2003 ABA guidelines establishing that it is standard practice in capital appeals to designate voir dire for transcription, the 2008 committee implementing the rule change in Oregon noted the current rule was a "vestige of a bygone era."

8 - ORDER

default issues. To that end, Petitioner is directed to come to an upcoming conference prepared to discuss how he would go about establishing prejudice resulting from the missing portions of the penalty retrial voir-dire proceedings and whether he need show more than mere speculation of prejudice to justify efforts to reconstruct the record.

IV. **Petitioner's Reference to Unclear Order [168]**

Petitioner contends when the Court determined subclaims 6B, 6C, and 8C were procedurally defaulted, the Court failed to specify whether each subclaim was defaulted because it was not raised by post-conviction trial counsel or because it was not raised by post-conviction appellate counsel. Petitioner's Preliminary Brief [303] at 1-2. This is incorrect. As detailed in the Court's Order [168] at pp. 29-30, Petitioner argued he failed to raise subclaims 6B, 6C, and 8C **on appeal** from the post-conviction trial court's judgment due to artificial limits on appeal that prevented him from exhausting all of his potentially meritorious claims.

In addition, with regard to subclaim 11B, the Court noted Petitioner did not dispute the State's contention that Petitioner failed to exhaust this claim. Order [168] at 12. Specifically, the State asserted: (1) Petitioner had not raised an "ineffectiveness per se" claim in any state-court proceedings;

9 - ORDER

(2) Petitioner raised a claim of ineffective assistance of counsel for failing to timely hire a mitigation expert and to develop mitigation evidence in both his post-conviction petition and on appeal from the post-conviction judgment; and (3) Petitioner did not include this claim in his Petition for Review with the Oregon Supreme Court.  Supporting Mem. [109] at 39.

### UPCOMING STATUS CONFERENCE

The Court will contact the parties shortly to schedule a status conference to discuss the above matters and to set a schedule for further proceedings in this case.

IT IS SO ORDERED.

DATED this 20th day of December, 2012.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge